**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**LUES ASPRELLA CARDENAS,**

      **Petitioner,**

**v.**                                        **Civil Action No. 1:18cv131
                                             (Judge Kleeh)**

**JOE COAKLEY,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On June 11, 2018, the *pro se* Petitioner, Lues Asprella Cardenas ("Cardenas") an inmate then-incarcerated at USP Hazelton[1] in Bruceton Mills, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with a motion to proceed as a pauper and a copy of his Prisoner Trust Fund Account Report ("PTAR"). ECF Nos. 1, 2, 3. On August 20, 2018, Petitioner was granted permission to proceed as a pauper and directed to pay the $5.00 filing fee. ECF No. 7.  On September 13, 2018, Petitioner paid the requisite fee. ECF No. 9.

By Miscellaneous Case Order entered November 30, 2018, this case was reassigned from District Judge Irene M. Keeley to District Judge Thomas S. Kleeh. ECF No. 11.

On February 20, 2019, United States Magistrate Judge Michael J. Aloi determined that summary dismissal was not appropriate and directed the respondent to show cause why the petition should not be granted. ECF No. 12. On February 22, 2019, the Respondent moved for an extension of time. ECF No. 13.  By Order entered February 26, 2019, the Respondent's extension of time was granted.  ECF No. 14. On April 2, 2019, Respondent filed a Motion to

---

[1] Petitioner is presently incarcerated at USP Terre Haute in Terre Haute, Indiana.

Dismiss for Mootness. ECF No. 17. A <u>Roseboro</u> Notice was issued on April 3, 2019. ECF No. 18. As of the date of entry of this Report & Recommendation, Petitioner has not filed a response.

This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 2, is ripe for review.

## II. The Pleadings

### A. The Petition

In his petition, Cardenas challenges a prison disciplinary proceeding, contending that on September 14, 2016, he had a medical emergency in his unit where he became unresponsive. After he was transferred to a trauma unit, no medical cause for the incident could be found. Accordingly, the following day, September 15, 2016, he was charged with a 313 violation (lying to an officer), a 399 violation (disrupting/interfering with the security/running of the Federal Bureau of Prisons ("BOP")), and a 402 violation (malingering). ECF No. 1 at 5. The 313 and 399 violations were expunged but the 402 was not and should have been. <u>Id.</u> He asserts that he exhausted his administrative remedies, and at the Regional level, the entire incident was ordered expunged, but due to clerical error, the 402 violation was not. <u>Id.</u> at 7 - 8.

As relief, he seeks to have the remaining Incident Report for malingering expunged from his record. <u>Id.</u> at 8.

### B. Respondent's Motion to Dismiss for Mootness

Respondent contends that Petitioner's Incident Report No. 2895805 for the Code 402 Malingering violation has already been expunged, and thus, this case should be dismissed as moot. ECF No. 17-1 at 1 – 2. Moreover, Respondent asserts that Petitioner never lost any Good Conduct Time ("GCT") as a result of the 402 charge; his only sanction was the loss of his MP3 player privileges for 15 days, thus there is no viable controversy regarding the disciplinary conviction and Petitioner is entitled to no further relief. <u>Id.</u> at 4 – 5. In support, Respondent attaches the sworn

declaration of Howard Williams, Legal Assistant at the BOP's Mid-Atlantic Regional office. ECF No. 17-2. Williams' declaration states that on April 2, 2019, Incident Report No. 2895805 for the Code 402 Malingering violation was expunged from Petitioner's disciplinary record. Id. at 2.

### III. Standard of Review

#### A. Motion to Dismiss Under Fed.R.Civ.P. 12(b)(1)

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. Id.; Mims v. Kemp, 516 F.2d 21 (4th Cir. 1975). "Unlike the procedure in a 12(b)(6) motion where there is a presumption reserving the truth finding role to the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." Adams, 697 at 1219. Further, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears, by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. Fed. R. Civ. P. 12(h)(3).

#### B. Motion to Dismiss Under Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In

considering a motin to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. <u>Mylan Labs, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993); <u>see</u> <u>also</u> <u>Martin</u>, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." <u>Conley</u>, 355 U.S. at 45-46. In <u>Twombly</u>, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Conley</u>, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," <u>id.</u> (citations omitted), to one that is "plausible on its face," <u>id.</u> at 570, rather than merely "conceivable." <u>Id.</u> Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." <u>Bass v. E.I. DuPont de Nemours & Co.</u>, 324 F.3d 761, 765 (4th Cir.2003) (citing <u>Dickson v. Microsoft Corp.</u>, 309 F.3d 193, 213 (4th Cir. 2002); <u>Iodice v. United States</u>, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in <u>Ashcroft v. Iqbal</u>, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted

unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

When, as here, a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

## C. Summary Judgment

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).

Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any

permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Industrial Co. V. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 1986.

## IV. <u>Analysis</u>

Article III of the United States Constitution limits the jurisdiction of the federal courts to cases or controversies.  Therefore, a case becomes moot when there is no viable legal issue left to resolve.  <u>See</u> <u>Powell v. McCormick</u>, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. <u>Blanciak v. Allegheny Ludlum Co.</u>, 77 F.3d 690, 698-699 (3rd Cir. 1996). In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." <u>Leonard v. Hickey</u>, 2009 WL 1939174 at 2 (S.D. W.Va. 2009)(quoting <u>Braden v. 30th Judicial Cir. Ct. of Ky</u>, 410 U.S. 484, 494-95 (1973)). If the respondent can no longer provide the requested relief, then the court cannot consider the petition. <u>Id.</u>

In the instant case, Petitioner seeks to have his Incident Report No. 2895805 for a charge of malingering expunged. Because Petitioner's Incident Report No. 2895805 has already been expunged, his claim is mooted. There is no further relief which this Court can grant, and this case should be dismissed.

## V. <u>Recommendation</u>

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED as moot** and that this matter be **STRICKEN from the active docket of this Court.**

The Petitioner is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the **Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Kleeh.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as shown on the docket.

Further, upon entry of this Report and Recommendation, the Clerk is also **DIRECTED** to terminate the Magistrate Judge association with this case.

DATE: April 29, 2019

/s/ *Michael John Aloi*

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE