# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LUES ASPRELLA CARDENAS,**

    **Petitioner,**

**v.**                                                  **Civil Action No. 1:18-CV-131**
                                                                        **(Kleeh)**

**JOE COAKLEY,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 20] AND DENYING AND DISMISSING PETITION AS MOOT

On June 11, 2018, the pro se Petitioner, Lues Asprella Cardenas ("Cardenas"), an inmate then-incarcerated at USP Hazelton[1] in Bruceton Mills, West Virginia, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. Cardenas challenged a prison disciplinary proceeding that arose from a September 14, 2016, medical emergency where he became unresponsive [Dkt. No. 1 at 5]. After he was transferred to a trauma unit, no medical cause for the incident could be found [Id.]. On the following day, he was charged with a 313 violation (lying to an officer), a 399 violation (disrupting/interfering with the security/running of the Federal Bureau of Prisons ("BOP")), and a 402 violation (malingering) [Id.]. Cardenas asserts that the 313 and 399 violations were expunged but the 402 was not and should have been [Id.]. He claims

---

[1] Petitioner is presently incarcerated at USP Terre Haute in Terre Haute, Indiana.

that he exhausted administrative remedies and that the entire incident was ordered expunged, but due to clerical error, the 402 violation remained on his record [Id. at 7-8].

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. On April 29, 2019, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the Court deny and dismiss the petition as moot because the remaining incident report for the 402 violation (malingering) was expunged from Petitioner's record [Dkt. No. 20 at 6]. Because Petitioner's incident report has already been expunged, there is no further relief which this Court can grant [Id.].

The R&R also informed the parties that they had fourteen days (and an additional three days for mailing) from the entry of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection" [Dkt. No. 20 at 7]. It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals" [Id.]. Service of the R&R was accepted on May 2, 2019 [Dkt. No. 21]. To

date, no objections have been filed.[2]

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [parties do] not object." Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. Upon careful review, and finding no clear error, the Court **ADOPTS** the R&R [Dkt. No. 20]. The petition is **DENIED** and **DISMISSED AS MOOT**. This action is **STRICKEN** from the Court's active docket.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record and to the pro se Petitioner, via certified mail,

---

[2] Cardenas sent the Clerk of Court a letter requesting clarification concerning the Petition, which was docketed on June 10, 2019 [Dkt. No. 22], but he raised no objections to the R&R. The Clerk provided the Petitioner a copy of his docket sheet and the relevant case filings on June 13, 2019 [Dkt. No. 23].

return receipt requested, at the last known address as shown on the docket.

DATED: November 27, 2019

_____
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE